## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TY FLINT,

    Plaintiff,    Case No.

v.    Hon.

DAMICK ENTERPRISE, INC.

    Defendant.

---

Samuel Estenson (P82414)
NACHT, ROUMEL, & HURWITZ, P.C.
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
sestenson@nachtlaw.com

---

## **COMPLAINT AND JURY DEMAND**

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in the Compliant.

NOW COMES Plaintiff TY FLINT, by and through his attorneys, NACHT, ROUMEL, & HURWITZ, P.C., hereby alleges as follows:

### **PARTIES AND JURISDICTION**

1.  Plaintiff Ty Flint is an individual residing in the City of Roseville, Macomb County, State of Michigan.

2. Defendant Damick Enterprises, Inc. is a company with its registered business address in the City Rochester Hills, County of Oakland, State of Michigan.

3. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

4. This Court has jurisdiction pursuant to 28 U.S.C.A § 1331 (federal question jurisdiction).

5. Venue is proper in this Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiffs' claims took place.

6. The facts and unlawful employment practices within the meaning of the ADA giving rise to this Complaint occurred within the Eastern District of Michigan.

7. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the ADA.

8. Plaintiff filed a formal disability discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on February 8, 2021.

9. Plaintiff received his Notice of Right to Sue from the EEOC on September 30, 2021.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendant as a mold maker helper on or around June 27, 2020, and always performed his duties satisfactorily.

11.     At the time of his hire, Plaintiff suffered from type 1 diabetes.

12.     Plaintiff informed his supervisor and Damick Co-Owner Michael Janes of his disability—type 1 diabetes—at his job interview.

13.     Subsequent conversations about his health put Defendant on notice of both his disability and his ability to perform the essential functions of his mold maker helper position with reasonable accommodations.

14.     On September 17, 2020, Plaintiff suffered a low blood sugar episode at work necessitating emergency hospitalization.

15.     Plaintiff called Mr. Janes upon being discharged from the hospital later that day to update him on his condition and discuss his ability to return to work, but Defendant immediately terminated him.

16.     Mr. Janes stated the reason for termination was Plaintiff's disability: Mr. Janes told him "Seeing you today [suffer a low blood sugar episode] was scary" and compared him to a person coming to work "black out drunk."

17.     By terminating Plaintiff expressly because of his disability, Defendant committed a *per se* violation of the ADA.

18.     Mr. Janes told Plaintiff it was unsafe for him to continue to work at Damick, but this allegation was unsupported and false.

19.     Defendant made no investigation of the day's events or Plaintiff's condition and did not even allow Plaintiff an opportunity to engage in the ADA's

3

interactive process by submitting medical documentation regarding his fitness to return to work.

20. Rather, Mr. Janes comments reflect that Defendant perceived Plaintiff to be disabled due to his diabetes, and that Defendant wrongfully terminated Plaintiff because of his disability.

21. Defendant failed to engage in the interactive process.

22. Plaintiff was capable of performing his job but needed a workplace accommodation in order to perform the essential functions of the job with a disability.

23. Had Defendant engaged with Plaintiff in the ADA's interactive process, Plaintiff could have been reasonably accommodated and returned to work without causing Defendant to suffer any undue hardship.

24. Instead, Defendant terminated subjected Plaintiff to an adverse employment decision by terminating him effective September 25, 2020.

25. Defendant attempts to justify the termination by stating that Plaintiff was still in a "probationary period," which has no impact on his right to engage in the ADA's interactive process.

**COUNT I**
**DISABILITY DISCRIMINATION**
**and FAILURE TO ACCOMMODATE**
**(Americans with Disabilities Act)**

26. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

27. At all relevant times, Plaintiff was a "qualified individual with a disability" as defined in 42 U.S.C. § 12131(2).

28. Defendant perceived and/or regarded Plaintiff as having a physical disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

29. Despite his disability, Plaintiff was at all relevant times qualified to perform the essential functions of his job with or without reasonable accommodation.

30. Defendant failed to accommodate Plaintiff, failed to engage in the interactive process required under the ADA, and otherwise subjected Plaintiff to adverse employment actions based on his disability as described above.

31. Defendant's actions in violation of the ADA were willful.

32. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered bodily injury, feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will so suffer in the future.

33. As a further direct and proximate result of Defendant's violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. For Plaintiff, judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the ADA;

b. Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

c. For Plaintiff, appropriate civil penalties;

d. For Plaintiff, all costs, attorneys' fees, and interest incurred prosecuting this claim; and

e. All further relief as the Court deems just and equitable.

Respectfully Submitted,

NACHT, ROUMEL, & HURWITZ, P.C.

/s/ *Samuel L. Estenson*

                                      Samuel Estenson (P82414)
                                      *Attorneys for Plaintiff*
                                      101 N. Main Street, Suite 555
                                      Ann Arbor, MI 48104
Dated: December 21, 2021         (734) 663-7550

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TY FLINT,

    Plaintiff,                                                          Case No.

v.                                                                       Hon.

DAMICK ENTERPRISE, INC.

    Defendant.

---

Samuel L. Estenson (P82414)
NACHT, ROUMEL, & HURWITZ, P.C.
*Attorneys for Plaintiff*
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff TY FLINT, by and through his attorneys, NACHT, ROUMEL, & HURWITZ, P.C., and hereby demands a trial by jury in the above-captioned matter for all issues so triable.

                                                     Respectfully Submitted,

                                                     NACHT, ROUMEL, & HURWITZ, P.C.
                                                     /s/ *Samuel L. Estenson*
                                                     Samuel Estenson (P82414)
                                                   *Attorneys for Plaintiff*
                                                   101 N. Main Street, Suite 555
                                                   Ann Arbor, MI 48104
Dated: December 21, 2021            (734) 663-7550